1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD STAFFORD,                           No. 2:14–cv–01465–KJM–CKD

12                  Plaintiff,

13          v.                                    ORDER

14   DOLLAR TREE STORES, INC., and
     DOES 1–50, inclusive,
15
                    Defendants.
16

17          This matter is before the court on plaintiff Richard Stafford's ("plaintiff") Motion

18   to Remand this case to the Solano County Superior Court.  (Pl.'s Mot. Remand ("Mot."), ECF

19   No. 16-1.)  Defendant Dollar Tree Stores, Inc. ("defendant") opposes the motion.  (Def.'s Opp'n

20   ("Opp'n"), ECF No. 23.)  The motion was submitted without argument, and the court now

21   GRANTS the motion.

22   I.     BACKGROUND

23          On May 7, 2014, plaintiff filed a putative wage and hour class action in the Solano

24   County Superior Court.  (Norton Decl. Ex. A, Complaint, ECF No. 2-1.)  On May 19, 2014,

25   plaintiff, using a professional process server, served the complaint on defendant through

26   defendant's agent for service of process.  (July 14 Declaration of Brian Short ("Short July Decl.")

27   Ex. A, Proof of Service of Summons, ECF No. 16-2.)  The process server indicated service was

28   effected by "substitute service" on the proof of service of summons form.  (*Id.*)  Notwithstanding

1

1    the process server's characterization, defendant acknowledged personal service in a July 3, 2014

2    letter to plaintiff's counsel.  (Sept. 19 Declaration of Brian Short ("Short Sept. Decl.") Ex. 5,

3    Def.'s July 3, 2014 Letter to Pl.'s Counsel, ECF No. 28-1 ("Dollar Tree's agent for service of

4    process notified Dollar Tree that personal service had been effected the day before . . . .  Dollar

5    Tree may rely on the date its agent provided notice that the summons and complaint had been

6    personally served.")).

7              Defendant removed the action to this court on June 19, 2014, invoking the court's

8    diversity jurisdiction under 28 U.S.C. § 1332(d).  (Def.'s Notice of Removal, ECF No. 1.)  In

9    notifying defendant of plaintiff's complaint, defendant's agent for service erroneously indicated

10   service occurred on May 20, 2014, with an answer deadline of June 19, 2014.  (Norton Decl. Ex.

11   A, Service of Process Notice, ECF No. 2-1.)  The service of process notice explicitly stated that it

12   was defendant's sole responsibility to verify the accuracy of the information in the notice.  (*Id.*)

13             On July 14, 2014, plaintiff filed the instant motion to remand.  (Mot., ECF No. 16-

14   1.)  Defendant filed its opposition on September 11, 2014 (Opp'n, ECF No. 23), and plaintiff

15   replied on September 19, 2014 (Pl.'s Reply, ECF No. 28).  In addition, on September 19, 2014,

16   plaintiff filed an amended proof of summons of service with the Solano County Superior Court,

17   clarifying that delivery of the complaint to defendant's agent on May 19, 2014 constituted

18   personal service.  (Short Sept. Decl. Ex. 1, Am. Proof of Service of Summons, ECF No. 28-1.)

19   The court takes judicial notice of the docket filings and the amended proof of service filed with

20   the Solano County Superior Court.  *See* Fed. R. Evid. 201; *Harris v. Cnty. of Orange*, 682 F.3d

21   1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record,

22   including documents on file in federal or state courts." (internal quotations omitted)).  The

23   amended proof of service provides defendant was served on May 19, 2014, and the manner of

24   service was personal.

25   /////

26   /////

27   /////

28   /////

1    II.      LEGAL STANDARD

2           Title 28 U.S.C. § 1446(b) governs the time period within which a civil action may

3    be removed.  Section 1446(b)(1) provides, in pertinent part, as follows:

4           The notice of removal of a civil action or proceeding shall be filed
            within 30 days after the receipt by the defendant, through service or
5           otherwise, of a copy of the initial pleading setting forth the claim
            for relief upon which such action or proceeding is based, or within
6           30 days after the service of summons upon the defendant if such
            initial pleading has then been filed in court and is not required to be
7           served on the defendant, whichever period is shorter.

8           The Supreme Court has explained that "a named defendant's time to remove is

9    triggered by . . . receipt of the complaint, 'through service or otherwise,' after and apart from

10   service of the summons, but not by mere receipt of the complaint unattended by any formal

11   service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

12   "Consequently, actual notice of the action is insufficient; rather, the defendant must be notified of

13   the action, and brought under a court's authority, by formal process, before the removal period

14   begins to run." *Quality Loan Serv. Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635

15   F.3d 1128, 1133 (9th Cir. 2011) (citing *Murphy Bros.*, 526 U.S. at 347).  Federal courts in this

16   circuit look to California state law to determine the sufficiency of service prior to removal.  *Lee v.*

17   *City of Beaumont*, 12 F.3d 933, 937–38 (9th Cir. 1993), *overruled on other grounds by Cal. Dep't*

18   *of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008); *see also Anderson v.*

19   *Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir. 1980).

20   III.     DISCUSSION

21          Plaintiff makes two principal arguments: first, plaintiff argues defendant's removal

22   was untimely; and second, plaintiff argues the court does not have jurisdiction under the Class

23   Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1332(d).  (*See generally* Mot., ECF No. 16-1.)

24   Because the court finds defendant's removal untimely, the court need not address the parties'

25   CAFA arguments.

26          The California Code of Civil Procedure provides multiple methods for a plaintiff

27   to serve a defendant corporation with a complaint.  *See* Cal. Civ. Proc. Code § 416.10.

28   Depending on which method of service is used, a different event triggers the thirty-day timeline

1    for a defendant to remove the case to a federal court.  If a plaintiff personally serves a defendant

2    corporation through its agent authorized to receive service of process, then the thirty-day

3    countdown begins when the complaint is delivered.  *See id.*  On the other hand, if service is

4    substitute service as defendant contends here, service of summons is not complete until ten days

5    after plaintiff mails the complaint to defendant.  *Id.* § 415.20.

6              Section 416.10 of the California Code of Civil Procedure provides, in pertinent

7    part, "A summons may be served on a corporation by delivering a copy of the summons and the

8    complaint . . . (a) To the person designated as agent for service of process . . . ."  Under California

9    law, "the provisions of § 416.10 are to be liberally construed."  *Pasadena Medi-Center Assocs. v.*

10   *Superior Court*, 9 Cal. 3d 773, 778 (1973).  Further, "harmless deficiencies, such as the failure to

11   identify the person served, will not defeat service."  *Bein v. Brechtel-Jochim Group, Inc.*, 6 Cal.

12   App. 4th 1387, 1394 (1992).

13             Here, the court finds personal service occurred on May 19, 2014; thirty days after

14   this date expired on June 18, 2014.  Defendant's removal on June 19, 2014, was untimely.

15   Defendant contends personal service did not occur on May 19, 2014, and directs the court to the

16   Solano County Superior Court docket as evidence service was incomplete.  (Opp'n at 6 n.9.)  The

17   Solano County docket states only that substitute service was incomplete on May 19, 2014 because

18   the complaint was not mailed.  (Def.'s Sept. 11 Req. for Judicial Notice, Ex. 5 Certified Copy of

19   Solano County Court Docket in Case Number FCS043461, ECF No. 24.)  However, the Solano

20   County Court later updated the docket on September 19, 2014, to expressly state defendant was

21   personally served on May 19, 2014.  (*See* the Solano County Court Docket in Case Number

22   FCS043461.)

23             In addition to the clarification in the Solano County docket, the circumstances also

24   support finding personal service occurred on May 19, 2014.  On May 19, 2014, plaintiff's process

25   server hand-delivered a copy of the complaint and summons to defendant's designated agent in

26   accordance with section 416.10.  (Short July Decl. Ex. A, Proof of Service of Summons, ECF No.

27   16-2.)  Defendant acknowledged service was personal and not substituted in its July 3, 2014 letter

28   to plaintiff's counsel.  (Short Sept. Decl. Ex. 5, Def.'s July 3, 2014 Letter to Pl.'s Counsel, ECF

4

No. 28-1.)  And it was defendant's responsibility to review the service of process to verify the date and answer deadline indicated by defendant's agent.

Because defendant's time to remove expired on June 18, 2014, but defendant did not remove the case until June 19, 2014, the removal is untimely.  As noted above, the federal statute provides for removal within the shortest time period applicable.  28 U.S.C. § 1446(b)(1). There is no exception to the 30-day rule applicable to the instant case.  While the statute does provide if an original pleading is not removable, a subsequent amended pleading may be removed within 30 days of receipt of the amendment, 28 U.S.C. § 1446(b)(3), this provision is inapplicable because defendant does not identify any amended pleading that would have triggered this exception.  *See Parisi v. Mazzaferro*, No. 14-0759, 2014 WL 1230889, at *1 (N.D. Cal. Mar. 21, 2014); *Posey v. McKesson Corp.*, No. 12-05939, 2013 WL 361168, at *4 (N.D. Cal. Jan. 29, 2013) (exception to initial 30-day rule inapplicable because notice of removal did not "identify any factual change . . . in the 30 days preceding the filing of [the] notice of removal . . . .").

IV.    CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is GRANTED and the case is remanded to the Solano County Superior Court.

IT IS SO ORDERED.

Dated:  December 18, 2014.

_____
UNITED STATES DISTRICT JUDGE